**John Burgess, OSB No. 106498**
johnburgess@lawofficeofdanielsnyder.com
**Carl Post, OSB No. 061058**
carlpost@lawofficeofdanielsnyder.com
**LAW OFFICES OF DANIEL SNYDER**
1000 SW Broadway, Suite 2400
Portland, OR 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
Of Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **TIMOTHY MCCARTER,** | Case No. **0:24-cv-00900** |
| Plaintiff, | **COMPLAINT** |
| v. | Civil Rights Action (42 U.S.C. § 1983); Negligence |
| **STATE OF OREGON** by and through the Oregon Department of Corrections; **LELAND BEAMER,** and **JOHN** and **JANE DOES I-III,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

### INTRODUCTION

1.      This is a civil rights and negligence action concerning the Defendants' deliberate indifference to the serious medical needs of a prisoner while incarcerated by Oregon Department of Corrections (ODOC). Defendants were also negligent, and their care fell below the standard of care. Defendants were deliberately indifferent to Plaintiff's serious medical

PAGE 1 – COMPLAINT

needs and violated Plaintiff's constitutional rights. As such, Plaintiff seeks damages as well as his attorney fees and costs.

## JURISDICTION

2.  This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983, 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4). Pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction over Plaintiff's state law claims against the State of Oregon.

## VENUE

3.  Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all Defendants reside in this judicial district. 28 U.S.C. § 1391(b). Specifically, the acts and practices alleged herein occurred at the Deer Ridge Correctional Institution (DRCI), which is located in Jefferson County, Oregon.

## PARTIES

4.  Plaintiff Timothy McCarter was at all times relevant a prisoner at DRCI.

5.  Defendant State of Oregon administers ODOC and employs the medical staff that provided care to Plaintiff. DRCI is a prison owned and operated by ODOC.

6.  Defendant Leland Beamer, MD, was at all times relevant a physician at DRCI, chief medical officer of ODOC, and was at all relevant times Plaintiff's provider. At all times relevant, he was acting within the scope of his agency or employment, and under color of state law.

7.  Defendants John and Jane Does I-III (hereafter "Doe Defendants") are medical staff at DRCI that failed to fill and schedule Plaintiff with follow up procedures. Their names are not currently known to Plaintiff. Plaintiff will amend the complaint to add their names

when the information becomes available in discovery.

## GENERAL FACTUAL ALLEGATIONS

8. Plaintiff was admitted to ODOC custody in April 2021.

9. On May 20, 2021, Plaintiff presented to medical with symptoms of left eye vision loss. Defendant Beamer ordered Plaintiff to be sent to Orion Eye Care in Redmond, Oregon. There Plaintiff was diagnosed with retinal detachment and vision loss and told that he required surgery. The surgery was performed on May 25, 2021.

10. On June 8, 2021, Plaintiff was again seen at Orion because he suffered increased vision loss and underwent a second surgery.

11. Over the succeeding months, Beamer and the Doe defendants failed to schedule medically necessary appointments and procedures at Orion.

12. On June 3, 2022, plaintiff was again seen by Orion. Doctors there determined that the delay in scheduling a follow up rhegmatogenous retinal detachment (RRD) repair had likely caused damage to his retina.

13. In the succeeding months, this damage to his eye was determined to be irreversible. This resulted in severe, constant pain in his left eye. The condition of his eye continued to worsen and on September 19, 2022, doctors at Orion determined that the likely best course for treating his now blind eye was enucleation (removal of the eye).

14. On December 14, 2022, doctors at Orion advised plaintiff that there was no hope for recovery of his vision and that he would suffer chronic, constant pain in his left eye. Orion performed an enucleation of his left eye.

15. Defendants' delays in treatment caused permanent damage to Plaintiff's eye and resulted in permanent loss of vision.

## COUNT I

### (42 U.S.C. § 1983 – against Beamer and Doe Defendants)

16. Plaintiff re-alleges all prior paragraphs as though fully set forth herein.

17. Beamer and Doe defendants were deliberately indifferent to Plaintiff's serious medical need by failing to provide medically and constitutionally adequate treatment for his eye condition by failing to schedule follow up treatment at Orion. Defendants were aware that this care was necessary and that failing to provide was likely to cause serious harm to plaintiff.

18. Beamer and Doe defendants' treatment of Plaintiff violated his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution.

19. As a result of Beamer and Doe defendants' violation of his Constitutional rights, Plaintiff suffered severe physical pain, anxiety and fear about his medical condition, and he will incur future economic damages. Accordingly, Plaintiff is entitled to economic and non-economic damages against Defendants in an amount to be determined at trial for the violations of 42 U.S.C § 1983, as well as his attorney fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT II

### (Negligence – against Defendant State)

20. Plaintiff re-alleges all other prior paragraphs as if fully set forth herein.

21. ODOC was negligent in providing care to Plaintiff by providing care that fell below the relevant standard of care as set forth above.

22. ODOC knew or should have known that failing to provide medically and constitutionally adequate treatment would result in Plaintiff's suffering physical harm and severe physical and mental pain and suffering.

23. ODOC failed to use reasonable care in providing medical care to Plaintiff as alleged above. ODOC's conduct was negligent.

24. ODOC owes Plaintiff a higher standard of care because of the nature of incarceration. As a ward of the State, ODOC manages all aspects of Plaintiff's health care, and decide when a request for a medical appointment should be granted. Had Plaintiff been a free person, he would have sought the appropriate treatment immediately and had some form of treatment rendered. However, as an incarcerated person, when Plaintiff sought treatment while in ODOC's facility his pleas for treatment were unmet. ODOC voluntarily took the custody of Plaintiff under circumstances such as to deprive Plaintiff of normal opportunities for protection and created a non-delegable duty to ensure that Plaintiff was able to access adequate medical care while incarcerated. ODOC did not meet its obligation to provide for "healthcare, including medical, dental, mental health care and pharmacy services, that compl[ies] with appropriate professional standards." OAR 291-124-0016(1)(c).

25. ODOC's conduct was unreasonable in light of the risk of harm to Plaintiff. ODOC controlled all aspects of Plaintiff's medical care. The delay in treating Plaintiff's eye condition could have been easily avoided. Instead, ODOC unreasonably disregarded Plaintiff's pleas for medical assistance and ignored a serious medical issue.

26. As a consequence of ODOC's negligence, Plaintiff suffered physical harm and severe physical and mental pain and suffering. ODOC's conduct was a substantial factor in causing harm to Plaintiff. He will likely require future treatment as a result of ODOC's negligence and may suffer long-term physical deterioration also as a result of ODOC's negligence.

27. Plaintiff provided the State of Oregon with a timely Tort Claims Notice.

28. As a result of ODOC's conduct, Plaintiff suffered economic and non-economic damages in an amount to be proved at trial.

29. Plaintiff is entitled to a prevailing party fee, his costs, and his disbursements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

a. An award of economic damages, in an amount to be fixed by the jury at the time of trial, here alleged to be $50,000.

b. An award of non-economic damages, in an amount to be fixed by the jury at the time of trial, here alleged to be $500,000;

c. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

d. For such other and further relief as may appear just and appropriate.

**Plaintiff demands a trial by Jury.**

Dated: June 5, 2024

**Law Offices of Daniel Snyder**

*s/ John Burgess*
John David Burgess, OSB 106498
johnburgess@lawofficeofdanielsnyder.com
Carl Post, OSB No. 06105
carlpost@lawofficeofdanielsnyder.com
Tel: (503) 241-3617 / Fax: (503) 241-2249
Attorneys for Plaintiff