ELLEN F. ROSENBLUM
Attorney General
KELLY BURRIS #133176
Assistant Attorney General
DAVID HALL #093720
Senior Assistant Attorney General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  kelly.c.burris@doj.oregon.gov
          david.hall@doj.oregon.gov

Attorneys for Defendants Oregon Department of Corrections and Beamer

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TIMOTHY MCCARTER,<br><br>       Plaintiff,<br><br>  v.<br><br>STATE OF OREGON by and through the Oregon Department of Corrections; LELAND BEAMER, and JOHN and JANE DOES I-III,<br><br>       Defendants. | Case No.  3:24-cv-00900-CL<br><br>DEFENDANTS OREGON DEPARTMENT OF CORRECTIONS AND LELAND BEAMER'S MOTION TO DISMISS |

## LR 7-1 CERTIFICATION

Pursuant to L.R. 7-1(a)(1)(A), the parties conferred in an effort to resolve the issues in this motion but were unable to do so.

## MOTION TO DISMISS

Defendants Oregon Department of Corrections ("ODOC") and Dr. Leland Beamer (herein "Defendants") move to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6).  Plaintiff brings civil rights claim under 42 U.S.C §1983 against

Page 1 -    DEFENDANTS OREGON DEPARTMENT OF CORRECTIONS AND LELAND
             BEAMER'S MOTION TO DISMISS
             KB6/a4s/969354857

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

Defendant Beamer and alleges that Defendant Beamer was deliberately indifferent in failing to provide adequate medical care.  Plaintiff also brings a negligence claim under state law against the State of Oregon, by and through the Oregon Department of Corrections, and alleges that ODOC negligently failed to provide adequate medical treatment.  Plaintiff seeks monetary damages:  $50,000 in economic damages and $500,000 in noneconomic damages.

Defendants move to dismiss Plaintiff's claims for the following reasons:  (1) Plaintiff fails to state a cause of action for deliberate indifference under Section 1983; (2) Plaintiff's claims are time-barred by the statute of limitations; (3) Plaintiff did not provided tort claim notice with respect to his state law claim; and (4) Plaintiff's state law claim against ODOC is barred by the Eleventh Amendment.

## SUMMARY OF ALLEGED FACTS

This case arises out of Plaintiff's allegations of permanent damage to his eye that resulted from alleged delays in treatment in violation of the Federal constitution and Oregon law.  However, based on the facts alleged in the complaint, Plaintiff fails to state sufficient facts for his claims.  Below is a summary of the medical history in the "*General Factual Allegations*" in the complaint:[1]

- Plaintiff presented to ODOC medical with symptoms of vision loss on May 20, 2021.  Plaintiff was ordered by Defendant Beamer to be sent to Orion Eye Care, and Plaintiff underwent surgery 5 days later, on May 25, 2021.  Dkt. # 1, ¶ 9.

- Plaintiff was again treated for symptoms of vision loss on June 8, 2021, which included a second surgery at Orion Eye Center ("Orion"). Dkt. #1, ¶ 10.

- Plaintiff alleges that "over the succeeding months, Beamer and the Doe defendants failed to schedule medically necessary appointments and procedures at Orion."  Dkt. # 1, ¶ 11.  The complaint does not specify what actions or inactions were

---

[1] Complaint, Dkt. #1, ¶¶ 8 – 15.

Page 2 -    DEFENDANTS OREGON DEPARTMENT OF CORRECTIONS AND LELAND
             BEAMER'S MOTION TO DISMISS
    KB6/a4s/969354857

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

- attributable to Defendant Beamer during this period of time, or the facts surrounding any alleged actions or inactions.

- Plaintiff alleges that on June 3, 2022, he was again seen at Orion, and Doctors at Orion determined that "the delay in scheduling a follow up rhegmatogenous retinal detachment (RRD) repair likely caused damage to his retina." Dkt. #1, ¶ 12.

- Plaintiff then alleges over the following months that the damage to Plaintiff's eye worsened, and ultimately Plaintiff's eye was enucleated. Dkt. # 1, ¶ 13-15. There are no allegations concerning further delays in Plaintiff's treatment.

## MEMORANDUM OF LAW

**I.    Standard of review for motion to dismiss.**

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief may be granted. In considering a Rule 12b motion, a court must accept a plaintiff's material factual allegations as true and view all facts in the light most favorable to the plaintiff. *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). However, this principle is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements. *Id*. A complaint must include facts sufficient to give proper notice of the claim and its basis: "While a complaint attacked [under] Rule 12(b)(6) . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (brackets omitted). A complaint that does not cross the line from conceivable to plausible must be dismissed. *Id*. at 547.

Page 3 -    DEFENDANTS OREGON DEPARTMENT OF CORRECTIONS AND LELAND BEAMER'S MOTION TO DISMISS
KB6/a4s/969354857

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

**II.    The 1983 claims against Defendant Beamer should be dismissed.**

    **a.  Standard for individual liability under 42 U.S.C. § 1983.**

In order to be held liable under Section 1983, each individual defendant must be personally involved in the constitutional deprivation. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under Section 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Furthermore, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. State officials are not subject to suit under Section 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights. *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987), *citing Rizzo v. Goode*, 423 U.S. 362, 377, 96 S. Ct. 598, 607 (1976), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

    **b.  Deliberate Indifference Standard**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. CONST. amend VIII. "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones, and it is now settled that 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal citations omitted). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828. Deliberate indifference is a "high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The plaintiff must have facts showing that he was confined under conditions posing a risk of objectively serious harm and that the

Page 4 -   DEFENDANTS OREGON DEPARTMENT OF CORRECTIONS AND LELAND
    BEAMER'S MOTION TO DISMISS
    KB6/a4s/969354857

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

officials had a sufficiently culpable state of mind in denying the proper medical care. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002).

A prison official violates the Eighth Amendment when two requirements are met. *Id.* at 834. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). As to the second element, the plaintiff must be able to show that, subjectively, the official acted with a culpable state of mind. *Id.* (citing *Wilson*, 501 U.S. at 297). It is well established that the threshold state of mind required to impose liability is exceptionally stringent. The deliberate indifference standard is functionally equivalent to criminal recklessness. *Farmer*, 511 U.S. at 839-40. Moreover, a mere delay in providing medical treatment is not sufficient to demonstrate deliberate indifference where the plaintiff has not established any harm resulting from the delay. *Shapley v. Nevada Board of Prison Commissioners*, 766 F.2d 404, 407 (9th Cir. 1985).

### c. The claims against Defendant Beamer fail as a matter of law.

Plaintiff alleges that Defendant Beamer, along with unidentified Doe Defendants, "failed to schedule medically necessary appointments at Orion". Dkt. #1, ¶ 11. Based on these allegations, Plaintiff claims that Defendant Beamer's "deliberate indifference" caused him to suffer cruel and unusual punishment. Dkt. #1, ¶ 18. The complaint does not specify what actions or inactions were attributable to Defendant Beamer during this period of time, or the facts surrounding any alleged actions or inactions. Instead, the complaint attributes the delays to a collective group of people and establishes no facts that support the conclusory statement that "medically necessary appointments and procedures" were delayed.

The constitutional standard for bringing Section 1983 claims against an individual defendant is clear. A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of constitutional rights. *Barren*, 152 F.3d at 1194. The facts must show that while acting under color of law, the defendants deprived him of a federal right. *See Monroe v. Pape*, 365 U.S. 167 (1961) (so stating). Here, the facts alleged

Page 5 -   DEFENDANTS OREGON DEPARTMENT OF CORRECTIONS AND LELAND
          BEAMER'S MOTION TO DISMISS
    KB6/a4s/969354857
                          Department of Justice
                          100 SW Market Street
                          Portland, OR 97201
                       (971) 673-1880 / Fax: (971) 673-5000

with respect to Defendant Beamer are insufficient to state such a claim because they do not show that Defendant Beamer personally deprived plaintiff of care. Nor do these facts support supervisory liability against Defendant Beamer. Moreover, even accepting as true the seriousness of Plaintiff's medical condition, the facts alleged are insufficient to show that Plaintiff was housed under conditions posing a risk of objectively serious harm.

Furthermore, the facts alleged are insufficient to make claim that Defendant Beamer had sufficient culpable state of mind in denying care. *Clement*, 298 F.3d at 904. The allegations are limited to a vague and conclusory statement that Defendant Beamer, along with an unidentified number of "Doe" defendants, failed to schedule "medically necessary appointments and procedures." The principle that a court must accept a complaint's allegations as true is inapplicable to a threadbare recital of a cause of action's elements, supported by mere conclusory statements. *Ashcroft*, 556 U.S. at 663. In sum, the complaint does not state a claim for medical deliberate indifference.

### III.   Plaintiff's claims are barred by the statute of limitations.

In Oregon, the applicable statute of limitations for a 42 U.S.C. § 1983 action is two years from the date that the cause of action accrues. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002); *See also* Or. Rev. Stat. § 12.110. The accrual date for a Section 1983 cause of action "is a question of federal law that is *not* resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 374, 388 (2007) (emphasis in original). "Under federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (*quoting Olsen v. Idaho State Board of Medicine*, 363 F.3d 916, 929 (9th Cir. 2004)). In the Ninth Circuit, once a plaintiff knows of the injury that forms the basis of the claim as well as its immediate physical cause, the clock begins to run. *See Dyniewicz v. U.S.*, 742 F.2d 484 (9th Cir. 1984) (holding that a plaintiff's claim accrued for the purpose of the statute of limitations when the injury and the cause of the injury were discovered). "A statute of limitation defense may be

Page 6 -   DEFENDANTS OREGON DEPARTMENT OF CORRECTIONS AND LELAND
            BEAMER'S MOTION TO DISMISS
            KB6/a4s/969354857

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

raised by a motion to dismiss if the running of the limitation period is apparent on the face of the complaint." *Vaughan v. Grijalva*, 927 F.2d 476, 479 (9th Cir. 1991); *see also Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). Where a defendant has not waived the statute of limitations issue, the district court may dismiss the case on timeliness grounds even if the issue is not raised in the motion before the court. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993).

Here, in this case, Plaintiff bases his Section 1983 claim on the theory that the Defendants impermissibly delayed Plaintiff's medical treatment, which caused damage to Plaintiff's eye. By Plaintiff's own factual allegations, Plaintiff was on notice that the alleged delay in scheduling his eye surgery "likely caused damage to his retina" on June 3, 2022. Dkt. #1, ¶ 12. Plaintiff's complaint then asserts that the damage discovered on June 3, 2022, continued to worsen over the following months before resulting in enucleation. Dkt. #1, ¶ 13. Even if Plaintiff was not aware of the full extent of harm caused by the alleged conduct, that does not extend the running of the statute of limitations. *See Gregg v. Hawaii, Dep't of Pub. Safety,* 870 F.3d 883, 887 (9th Cir. 2017) ("A cause of action accrues even if 'the full extent of the injury is not then known.' ") (internal citation omitted). Plaintiff commenced this action on June 5, 2024. *See* Dkt. #1; *and* s*ee Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (a civil action is commenced by filing a complaint with the court). It is clear on the face of the complaint that the alleged harm and reasons for the harm at issue in this case were discovered on June 3, 2022. Two years from June 3, 2022 is June 3, 2024. Plaintiff's complaint was filed on June 5, 2024. Accordingly, his claims are time barred.

Likewise, Plaintiff's state law negligence claimed is time barred. *See* Or. Rev. Stat. § 12.110. The statute of limitations begins to run when the plaintiff knew or in the exercise of reasonable care should have known facts that would make a reasonable person aware of a substantial possibility that each of the three following elements exists: harm, causation, and tortious conduct. *Doughton v. Morrow* 255 Or. App. 422 (2013). Furthermore, a plaintiff "may

Page 7 -   DEFENDANTS OREGON DEPARTMENT OF CORRECTIONS AND LELAND
            BEAMER'S MOTION TO DISMISS
          KB6/a4s/969354857

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

not avoid the Statute of Limitations by characterizing the harm as two different kinds of injuries rather than one injury that has caused more damage than was originally contemplated. *Raethke v. Or. Health Scis. Univ.*, 115 Or App 195, 837 P2d 977 (1992)."

Because Plaintiff's claims are time barred, the allegations and the claims in this case should be dismissed.

### IV. Plaintiff did not provide notice as required under the Oregon Tort Claims Act.

Under the Oregon Tort Claims Act ("OTCA"), a plaintiff cannot maintain a tort action against a public body or a public officer, employee or agent unless sufficient "notice of claim" is given "within 180 days after the alleged loss or injury." *Cannon v. Oregon Dep't of Justice*, 261 Or App 680, 682 (2014); ORS 30.275(2)(b). The OTCA requires a plaintiff to plead and prove that the plaintiff provided adequate notice before making a tort claim against a public body or public officer, employee or agent. ORS 30.275(1). "Notice" under the OTCA requires more than simply complaining about an alleged harm; it must be timely and it must either satisfy the requirements of "formal" notice under ORS 30.275(4) or (5), or the dictates of "actual" notice under ORS 30.275(6). The proper measurement of time relates not to the impact of the injury, but the alleged tortious act. *See Greene v. Legacy Emanuel Hosp. and Health Care Ctr.*, 335 Or 115, 123, 60 P3d 535 (2002). A plaintiff bears the burden of proving that he provided adequate tort claim notice. ORS 30.275(7); *Brinkley v. Oregon Health Scis. Univ.*, 94 Or App 531, 537, 766 P2d 1045 (1988).

ORS 30.275(5)(a) specifies the required content of the notice, and provides that for claims against the state or an officer, employee or agent, formal notice must be given to the Oregon Department of Administrative Services: "Formal notice of claim shall be given by mail or personal delivery: (a) If the claim is against the state or an officer, employee or agent thereof, to the office of the Director of the Oregon Department of Administrative Services." To be timely, notice of the claim must "actually be received" within the required notice period. *Tyree v. Tyree*, 116 Or App 317, 320, 840 P2d 1378 (1992). While the OCTA does not require a plaintiff to

Page 8 -  DEFENDANTS OREGON DEPARTMENT OF CORRECTIONS AND LELAND
         BEAMER'S MOTION TO DISMISS
         KB6/a4s/969354857

predict expressly the specific claims that will or may be asserted, it does require some form of communication by which the proper parties acquire actual knowledge of the time, place, and circumstances "giving rise to" the ultimate claim. *Flug v. University of Oregon*, 335 Or. 540.

Plaintiff did not provide tort claim notice for the claims in this case. Plaintiff provided DAS with tort claim notice on August 5, 2021, that addressed ODOC's alleged failure to provide Plaintiff with blood pressure medication causing harm to his retina. Pearson Decl., ¶5, Ex. 1. The circumstances giving rise to Plaintiff's claims in the present case – alleged delays in scheduling follow-up eye appointments and procedures with Orion between June 8, 2021 and June 3, 2022 – are wholly distinct from the circumstances giving rise to the claims in Plaintiff's August 5, 2021 tort claim notice. Plaintiff did not provide DAS with any other tort claim notice related to his retinal detachment and vision loss. Pearson Decl., ¶ 8-9. Accordingly, Plaintiff's negligence claim should be dismissed.

**V.    Plaintiff's negligence claim is barred by the Eleventh amendment.**

A state or its officials or agencies may not be sued by private individuals in federal court unless the state has unequivocally consented to that action, or Congress has unequivocally expressed its intent under the Fourteenth Amendment to waive the immunity of the States. *Seminole Tribe of Florida*, 517 U.S. 44, 54 (1996); *see also Quern v. Jordan*, 440 U.S. 332, 342-44 (1979); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The Eleventh Amendment otherwise bars any such action regardless of the nature of the relief sought. *Cory v. White*, 457 U.S. 85, 90-91 (1982).

Plaintiff's negligence claim is brought against the State of Oregon, by and through Defendant ODOC. ODOC is a state agency and is immune from suit in this forum. As such, Plaintiff's negligence claim must be dismissed.

Page 9 -   DEFENDANTS OREGON DEPARTMENT OF CORRECTIONS AND LELAND
           BEAMER'S MOTION TO DISMISS
           KB6/a4s/969354857

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000

## CONCLUSION

For the foregoing reasons, Plaintiff's claims should be dismissed.

DATED September 19, 2024.

        Respectfully submitted,

        ELLEN F. ROSENBLUM
        Attorney General


        *s/ Kelly Burris*
        KELLY BURRIS #133176
        Assistant Attorney General
        DAVID HALL #093720
        Senior Assistant Attorney General
        Trial Attorneys
        Tel (971) 673-1880
        Fax (971)673-5000
        kelly.c.burris@doj.oregon.gov
        david.hall@doj.oregon.gov
        Of Attorneys for Defendants
        Oregon Department of Corrections and
        Leland Beamer

Page 10 -   DEFENDANTS OREGON DEPARTMENT OF CORRECTIONS AND LELAND
        BEAMER'S MOTION TO DISMISS
    KB6/a4s/969354857

Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000