IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

**TIMOTHY MCCARTER,**

Plaintiff,

v.

**STATE OF OREGON by and through the Oregon Department of Corrections, LELAND BEAMER, and JOHN and JANE DOES I-III,**

Defendants.

Case No. 3:24-cv-00900-CL

**FINDINGS AND RECOMMENDATION**

CLARKE, Magistrate Judge

Plaintiff Timothy McCarter is a self-represented litigant who was in the custody of the Oregon Department of Corrections ("ODOC") at all times material to his complaint. He brings this complaint against Defendants the State of Oregon, Dr. Leland Beamer, and Does I–III. Defendants move for summary judgment. For the reasons below, Defendants' Motion (ECF #36) should be GRANTED.

**BACKGROUND**

Self-represented Plaintiff Timothy McCarter was a prisoner of the ODOC from April 1, 2021, to May 20, 2024. Decl. Carter ¶ 3, ECF No. 37. Defendant Leland Beamer is the chief medical officer of ODOC. First Am. Compl. ¶ 6, ECF No. 13. On May 19, 2021, Plaintiff reported



to health services complaining of vision problems. Decl. Carter ¶ 6. On May 20, Plaintiff was sent to Orion Eye Clinic ("Orion") for evaluation, and Orion scheduled surgery for a detached retina. *Id.* ¶¶ 7–8. Surgery took place on May 25. *Id.* ¶ 9. Over roughly the next year, Plaintiff continued to report vision problems and underwent three more procedures at Orion. *Id.* ¶¶ 10–33. After each procedure, Plaintiff attended follow-up appointments. *Id.* In all, between May 25, 2021, and June 3, 2022, Plaintiff attended 23 appointments at Orion. *Id.* On June 3, Plaintiff again attended an eye appointment at Orion and spoke with Dr. Constantine. *Id.* ¶ 34. Dr. Constantine charted the discussion: "[d]iscussed with patient that delay in RRD repair due to repair not scheduled by his facility likely resulted in long term retinal damage." *Id.* at 61. Plaintiff attended one more appointment at Orion on September 19. *Id.* ¶ 35. Then, on December 14, Plaintiff was evaluated at Summit Health. *Id.* ¶ 36. Summit Health recommended enucleation—removal—of Plaintiff's eye. *Id.*

Plaintiff filed this action on June 5, 2024. Compl. 6, ECF No. 1. Plaintiff's complaint alleges a 42 U.S.C. § 1983 claim for deliberate indifference and a state-law claim for negligence. First Am. Compl. ¶¶ 17–30. Defendants move for summary judgment. Defs.' Mot. Summ. J., ECF No. 36.

## LEGAL STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there

is a genuine issue of fact. *Playboy Enters., Inc. v. Welles*, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. Id. at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. *Devereaux*, 263 F.3d at 1076. In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. *Allen v. City of Los Angeles*, 66 F.3d 1052, 1056 (9th Cir. 1995).

## DISCUSSION

District of Oregon Local Rule of Civil Procedure 7-1(f) states, "a party must file and serve any response [to a motion for summary judgment] within 21 days after service of the motion." LR 7-1(f). Defendants filed their motion on February 3, 2026. Now more than three months later, Plaintiff has failed to respond. For that reason alone, the factual record submitted by Defendants is undisputed and they are entitled to summary judgment. Although Plaintiff's failure to respond is alone grounds for summary judgment, Plaintiff's claims are also time-barred by the respective statutes of limitation and fail on the merits.

Section 1983 claims adopt the forum state's statute of limitations for personal injury actions. *Holt v. Cnty. of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024). Thus, a § 1983 claim in Oregon has a limitations period of two years. *See Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 580 (9th Cir. 2012).

Having established the limitations period, the question then becomes from what point is that two-year period measured—or when does the claim "accrue." Under federal law, "a claim accrues when a plaintiff knows or has reason to know of the injury that is the basis of the action and the cause of that injury." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 885 (9th Cir. 2017). Thus, whether Plaintiff's § 1983 claim is time-barred turns on whether he filed his action within two years of when he knew or should have known of his injury and its cause.

Plaintiff knew or should have known of his injury and its cause on June 3, 2022. Plaintiff's medical records indicate that Plaintiff discussed his "visual prognosis" with Dr. Ryan Constantine on that day. Decl. Carter at 61. The discussion included the fact "that delay in RRD repair due to repair not scheduled by his facility likely resulted in long term retinal damage." *Id.* Plaintiff filed this action on June 5th, 2024—one day after the limitations period had run.[1] Compl. at 6. Because Plaintiff filed his § 1983 claim after the limitations period had run, the claim is time-barred.

The same is true for Plaintiff's state-law negligence claim. The statute of limitations for tort claims against a public body in Oregon is two years. ORS 30.275(9). Under Oregon law, a claim accrues when the plaintiff knows of the injury and the tortious conduct that caused it. *See Dunn v. City of Milwaukie*, 270 Or. App. 478, 484–85 (2015). The plaintiff need not know the full extent of his injuries before the statute of limitations begins to run. *See Raethke v. Oregon Health Scis. Univ.*, 115 Or. App. 195, 198 (1992).

Here, while Plaintiff may not have understood the full extent of his injury until the prospect of enucleation came into view, it is undisputed that he had notice of the injury and the tortious

---

[1] For computing time, one "exclude[s] the day of the event that triggers the period," and counts every day, including the last day of the period. Fed. R. Civ. P. 6(a)(1). Because June 4, 2024, was a Tuesday (and not a weekend or a holiday), the last day for Plaintiff to file his § 1983 claim was that day, June 4, 2024 (two years and one day after June 3, 2022). *Id.*

conduct that caused it during his conversation with Dr. Constatine on June 3, 2022. For that reason, Plaintiff's negligence claim—like his § 1983 claim—is time-barred.

Plaintiff's claims also fails on the merits. ODOC does indeed have an obligation to provide medical care to prisoners. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). But a violation of that obligation—and any accompanying § 1983 claim—requires "deliberate indifference" on the part of the defendant. *Id.* Deliberate indifference requires that the prison official "knows of and disregards an excessive risk to inmate health and safety." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)). Negligence alone does not support a constitutional violation under § 1983. *Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir. 1999). For example, "a prison official who '*should* have been aware' of a medically related risk to an inmate, but in fact was not, 'has not violated the Eighth Amendment, no matter how severe the risk.'" *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 668 (9th Cir. 2021) (quoting *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (en banc)).

Here, the undisputed facts do not even amount to negligence, let alone deliberate indifference. Plaintiff attended 23 medical appointments related to his eye between May 25th, 2021—when the initial surgery was performed—and June 3rd, 2022—when Dr. Constantine made Plaintiff aware of his injury. Decl. Carter ¶¶ 10–33. At certain points, these appointments were a week apart or less. *See, e.g., id.* ¶¶ 14–16. When there was a multi-month gap, Plaintiff's subsequent visit to Orion was based on "new pain" that had reportedly emerged four days prior. *Id.* ¶¶ 19–20; *id.* at 134. Moreover, Ms. Carter declares that she can find no "instance in which Dr. Beamer, or any ODOC medical provider, refused or declined to approve the care that Orion recommended for Mr. McCarter." *Id.* ¶ 37. Plaintiff's claims here are not based on medical malpractice of ODOC medical staff, but that Defendants "fail[ed] to schedule follow up treatment

at Orion." Am. Compl. § 18. Because the undisputed record does not even amount to negligence, Plaintiff claims fail on the merits.[2]

## RECOMMENDATION

Because Plaintiff failed to respond to Defendants' Motion for Summary Judgment, and because his claims are time-barred and (2) fail on the merits, Defendants' motion for summary judgment (ECF #36) should be GRANTED.

## SCHEDULING

This Findings and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is entered. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED. R. CIV. P. 72, 6.

Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this __14__ day of May, 2026.

MARK D. CLARKE
United States Magistrate Judge

---

[2] Additionally, as noted above, Plaintiff first reported complaints of vision issues to prison staff on May 19, 2021. Carter Decl. ¶ 6. Plaintiff was evaluated by Orion the very next day, with surgery that same week.

Page 6 – FINDINGS AND RECOMMENDATION